■ LOCAL 14-14B OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review an order of the State Human Rights Appeal Board, dated December 30, 1983, which (1) vacated a determination of the State Division of Human Rights dated June 15, 1982, dismissing, after an investigation and upon a finding of no probable cause, the complainant's allegation of unlawful discriminatory practices related to his application for union membership, and (2) remanded the matter to the Division for further proceedings.

Order confirmed and proceeding dismissed, without costs or disbursements.

The State Division of Human Rights dismissed the complaint in question upon a finding that there was no probable cause to believe that the complainant was denied admission into Local 14-14B of the International Union of Operating Engineers due to discriminatory practices. Despite the fact that the complainant had valid licenses to operate a crane and a hoist, the Division based its determination on conclusory

allegations made by the union's attorney and business manager, that the complainant was unqualified to operate the equipment in the union's jurisdiction.

A letter written by the union's attorney claimed that four of the complainant's co-workers, who were union members, stated that the complainant was unqualified. Yet the identities of these co-workers were never revealed on the record. The letter further alleged that the complainant was tested on certain equipment and failed to qualify. However, there is nothing in the record specifying on which equipment the complainant was tested and how his performance was inadequate. Furthermore, the Division made a conclusory finding that the distribution of minorities in the union was within normal expectations, without any evidence in the record to support such a finding. Under these circumstances, the Appeal Board correctly held that the Division's determination was arbitrary and capricious and properly remanded the case for further proceedings with regard to the issue of whether the denial of admission into the union was due to the complainant's lack of competency to operate the equipment in the union's jurisdiction or was due to his race (*see,* Executive Law former § 297-a [7]). Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.